McKINLEY-LANNING LOAN AND TRUST COMPANY, APPELLEE,
v. MARTHA JOHNSON ET AL., APPELLANTS.

FILED NOVEMBER 22, 1905.    No. 13,939.

Homestead: MORTGAGE: EXTENSION: DISCHARGE. A mere promise by a
creditor to a husband, who is the sole debtor and the owner of
the title of a mortgaged homestead, that the former will forbear
for a term of years to enforce his past due obligations, on con-
dition that the latter shall pay promptly semiannual instalments
of interest at a greater rate than that reserved in the contract,
will not operate to discharge the lien of the incumbrance.

APPEAL from the district court for Red Willow county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*Starr & Reeder,* for appellants.

*C. E. Eldred* and *J. W. James, contra.*

AMES, C.

William Johnson was the owner of a tract of land in
Red Willow county in this state and, together with his

wife, was in occupancy of it as a homestead. On the 10th day of April, 1893, the husband borrowed of the plaintiff $1,000 and executed his note for that amount payable March 1, 1898, with interest at the rate of six per cent. per annum, payable semiannually until maturity, and at the rate of ten per cent. per annum thereafter if the principal should not be paid when due. This instrument was secured by a mortgage on the homestead executed by both husband and wife. On October 17, 1898, the note was more than seven months past due. No part of the principal had been paid, and there was accrued and unpaid interest upon it to the amount of $428. On that day the husband paid to the mortgagee the sum of $500, of which $200 was appropriated to the complete satisfaction of the obligation for accrued interest, and $300 to a reduction of the principal of the note; and on that day, also, the payee, or someone in its behalf, in consideration of the premises, indorsed upon the note the following memorandum: "Paid on the principal of within bond three hundred dollars. Balance principal extended five years from September 1, 1898, at seven per cent. semiannually provided interest payments be made promptly when due." Interest payments as provided by this memorandum were made until September 1, 1900, when they were finally discontinued, and no further payment than that above noted has been made upon the principal. The husband having died, this action was begun September 16, 1902, against the widow and heirs at law for a foreclosure of the mortgage, and resulted in a decree as prayed, from which the defendants have appealed to this court.

The sole defense is that, evidenced by the indorsement, there was a contract for a renewal and extension of the loan superseding the former obligation and discharging the homestead from the incumbrance, because it was entered into between the husband and the mortgagee alone, or without the concurrence and joinder of the wife. But the memorandum on the note does not appear to have had, or to have been intended to have, the effect sought to be

imputed to it. It was not signed or subscribed by either of the parties to the note or by anybody on the behalf of either of them, and it does not import any contract or promise on the part of the husband or anyone else to pay any sum, either as principal or as interest, at any time or at any place. The most that can be inferred from it is that the creditor had promised to forbear enforcing his security for the term of five years, upon condition that during that length of time the debtor should make prompt payments of semiannual instalments of interest at the rate of seven per cent. per annum, but whether the debtor should make such payments, or any of them, was left wholly to his option. If at any time he failed to make them, the creditor was released from his promise and at liberty to enforce his security according to its terms. Even if the memorandum had been turned into a formal agreement, formally executed, and had expressly stipulated for an extension of time, it may well be doubted if it would have been supported by a sufficient consideration. At the time it was made the debtor paid a part of the principal and also a little more than half of the accrued and past due interest in discharge of the whole of the latter, and the note was a demand obligation bearing interest at the rate of ten per cent. per annum. This rate the creditor promised to compound for seven per cent. on condition that the latter should be paid promptly at stated intervals. We fail to see what pecuniary benefit or advantage he could have gained or secured by such a contract, because, as we have said, the debtor did not agree to pay the specified rate of interest, or any interest, for any length of time, or at any time, nor did he agree not to pay off and discharge the principal of the debt at once or as soon as he should choose to do so. The only contract he ever made in these respects was expressed upon the face of his notes and mortgage. What oral promises, if any, he may have made in these regards are immaterial. The homestead law does not treat of oral promises, and neither he nor his wife, nor, of course, his creditor, was or could have been bound by them to the

prejudice of the rights of either as established by the notes and mortgage. Anxiety of the courts to sustain and protect the homestead right, laudable as it is, ought not to be carried to the extent of punishing lenient and forbearing creditors for acts of generosity and benevolence by depriving them of their securities.

We recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.